James Efting, Esq. (SBN 88276)
Marcus Godfrey, Esq. (SBN 282731)
JACKSON & EFTING
438 South Murphy Avenue
Sunnyvale, California 94086-6114
(408) 732-3114
FAX (408) 732-0709
jefting@jacksonefting.com

Attorneys for Plaintiff
NAOMI KOGA-SMITH

SEDGWICK LLP
REBECCA HULL (SBN 99802)
rebecca.hull@sedgwicklaw.com
MARK J. HANCOCK (SBN 160662)
mark.hancock@sedgwicklaw.com
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone:    415.781.7900
Facsimile:    415.781.2635

Attorneys for Defendant
METLIFE, aka METROPOLITAN LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAOMI KOGA-SMITH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>METLIFE, aka METROPOLITAN LIFE INSURANCE COMPANY, LISA K. CARTER, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. C 12-04050 EMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>ORDER RESETTING CMC |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT &PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

SF/3188327v1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1.  Jurisdiction & Service

The basis for the court's subject matter jurisdiction is pursuant to 28 United States Code sections 1331, 1332, 1441(a) ,1441(b), and 1441(c).  The complaint seeks life insurance benefits that plaintiff claims are owed to her by Metropolitan Life Insurance Company ("MetLife") under the terms of an employee welfare benefit plan, and thereby states a claim only under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001, *et seq.* There are no issues regarding personal jurisdiction or venue.  Plaintiff states that all parties have been served.  However, Lisa Carter has been served but has not appeared.

2.  Facts

Plaintiff's Position

Plaintiff, Naomi Koga-Smith, is the surviving spouse of Herbert E. Smith, Jr.  Plaintiff, Naomi Koga-Smith and Herbert E. Smith, Jr. were married at the time of the death of  Herbert E. Smith, Jr.

Herbert E. Smith, Jr. died on, or about, February 9, 2102, a resident of Santa Clara County.  Prior to his death, plaintiff, Naomi Koga-Smith and Herbert E. Smith, Jr. entered into certain life insurance contracts with defendant, MetLife, aka Metropolitan Life Insurance Company, insuring the life of Herbert E. Smith, Jr. Plaintiff alleges that the life insurance contracts were entered into in Santa Clara County.

The life insurance proceeds due from defendant, MetLife, are commonly described as benefits payable under Group No. 0118250, Claim No. 21203004448.

The amount of the proceeds payable from defendant, MetLife, are $164,000 from a "Basic Life" policy paid by decedent,  Herbert E. Smith, Jr.'s, employer, and $150,000 from a "Supplemental/Optional Life" policy paid from decedent,  Herbert E. Smith, Jr.'s, wages.

All premiums paid for the life insurance were from the community funds of Plaintiff, Naomi Koga-Smith and Herbert E. Smith, Jr.

MetLife's Position

The decedent, Herbert E. Smith Jr. (the "Decedent"), was a participant in a welfare benefit plan (the "Plan") sponsored by his employer.  The plan is regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461.  Life

insurance benefits are payable under the plan as the result of the death of the Decedent.  The most recent life insurance beneficiary designation for the Decedent is dated July 28, 2005 (the "July 28, 2005 Beneficiary Designation").  It lists both Naomi Koga-Smith ("Koga-Smith") and Lisa K. Carter as the Decedent's primary co-beneficiaries for life insurance coverage under the Plan.  Plaintiff informed MetLife that she claimed she was entitled to all of the proceeds of the life insurance policies on the life of her husband, and she later commenced this action.  Koga-Smith has recently informed MetLife that she and Lisa K. Carter ("Carter") desire to resolve their claims to Plan benefits and that Carter desires to renounce her interest in the Plan benefits.

3. <u>Legal Issues</u>

The parties are in the process of preparing an agreement which they believe will result in a resolution of the claims alleged in the complaint  and a dismissal of the entire action. Accordingly, the parties have no disputed points of law to identify at this time.

4. <u>Motions</u>

There were no prior motions and there are no pending motions.

5. <u>Amendment of Pleadings</u>

The parties are not expected to add claims or defenses.

6. <u>Evidence Preservation</u>

Parties kept files in a safe location.

7. <u>Disclosures</u>

There has been full and timely compliance with the initial disclosure requirements *of Fed.R. Civ. P. 26.*

8. <u>Discovery</u>

There has been no discovery and, in light of the agreement being prepared which will result in the dismissal of the Complaint, there is no anticipated discovery at this time.  Should the matter go forward MetLife's position is that discovery will be limited to the administrative record, since this matter is governed by ERISA.

3

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

9. <u>Class Actions</u>

This is not a class action.

10. <u>Related Cases</u>

There are no related cases.

11. <u>Relief</u>

<u>Plaintiff's Position</u>

Plaintiff seeks a judicial determination that Naomi Koga-Smith is the sole beneficiary of the $164,000 "Basic Life" policy and of the $150,000 "Supplemental/Optional Life" policy, with defendant, MetLife, commonly described as benefits payable under Group No. 0118250, Claim No. 21203004448.

12. <u>MetLife's Position</u>

MetLife has no interest in the Plan benefits, except to ascertain that they are paid in accordance with the terms of the Plan, ERISA, and the compromise of Koga-Smith and Carter;

13. <u>Settlement and ADR</u>

Settlement is likely.  The parties are in the process of preparing an agreement which they believe will result in a resolution of the claims alleged in the complaint and a dismissal of the entire action.  The parties suggest that there is no need for a case management conference at this time and that the conference presently scheduled may be taken off calendar.

14. <u>Consent to Magistrate Judge For All Purposes</u>

Not all parties who have appeared have consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

15. <u>Other References</u>

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multi district Litigation.

16. <u>Narrowing of Issues</u>

There are no issues to narrow at this point.  The parties are in the process of preparing an agreement which they believe will result in a resolution of the claims alleged in the complaint and a dismissal of the entire action.

17. Expedited Trial Procedure

This case is not expected to go to trial. The Expedited Trial Procedure of General Order 64, Attachment A, is not necessary.

18. Scheduling

No scheduling dates need to be made at this time.

19. Trial

If necessary, the case will be tried to the court.

20. Disclosure of Non-party Interested Entities or Persons

Each party has filed the "Certification of Interested Entities or Persons required by Civil Local Rule 3-16. Naomi Koga-Smith, Metropolitan Life Insurance Company, and Lisa K. Carter are all persons, firms, partnerships, corporations, (including parent corporations) or other entities known by the parties to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

21. Other

Lisa Carter currently resides in England. Plaintiff has been in communication with Lisa Carter. Lisa Carter has agreed to cooperate and has verbally indicated that she has no interest in the life insurance proceeds. Lisa Carter is expected to sign off on the agreement being prepared for the resolution of the case.

DATED: November 1, 2012         Sedgwick LLP

                                By: */s/ Rebecca A. Hull*
                                    Rebecca Hull
                                    Mark J. Hancock
                                    Attorneys for Defendants
                                    METLIFE, aka METROPOLITAN LIFE INSURANCE COMPANY

DATED: November 1, 2012         JACKSON & EFTING

                                By: */s/ James Efting (as authorized 11/2/12)*
                                    James Efting
                                    Attorneys for Plaintiff
                                    NAOMI KOGA-SMITH

IT IS SO ORDERED that the CMC is reset from 11/9/12 to 2/7/13 at 9:00 a.m.

_____
Edward M. Chen
U.S. District Judge

*IT IS SO ORDERED MODIFIED — Judge Edward M. Chen*