1
2
3
4
5                      UNITED STATES DISTRICT COURT
6                      NORTHERN DISTRICT OF CALIFORNIA
7
8    NAOMI KOGA-SMITH,                          No. C-12-4050 EMC
9              Plaintiff,
10        v.                                    **ORDER RE DEFENDANT'S MOTION
                                                FOR CLARIFICATION AND MOTION**
11   METLIFE, *et al.*,                         **FOR INJUNCTIVE RELIEF**
12             Defendants.                      **(Docket Nos. 34, 37)**
     _____/
13
14
15        Defendant Lisa K. Carter has filed a motion for clarification regarding the civil minutes for a
16   case management conference that was held on February 7, 2013.  She has also filed a motion for
17   "injunctive relief."  The Court has considered the motions and hereby rules as follows.
18        1.        As the Court stated in the civil minutes, Ms. Carter's case management conference
19   statement of January 25, 2013, *see* Docket No. 31, is deemed her motion for summary judgment.
20   Given that Ms. Carter has agreed that she has entered a general appearance, that motion raises one
21   issue: whether, as a matter of law, Defendant MetLife is obligated to distribute funds according to
22   the beneficiary designation.
23        2.        The civil minutes state that MetLife is to file an opposition to the summary judgment
24   motion no later than March 7, 2013.  The Court hereby clarifies that Ms. Koga-Smith is *also* to file
25   an opposition by that date.  Ms. Carter's reply brief(s) is to be filed by March 14, 2013.  The Court
26   shall then take the matter under submission.
27        3.        For all summary judgment-related briefs, the parties are permitted to submit
28   evidence, including but not limited to evidence obtained on the ERISA issue through discovery

which this Court permitted.  All parties should ensure that responses to discovery, including document productions, are made available *on a timely basis* to all other parties, even if the discovery response comes from a third party (*e.g.*, the decedent's employer).

4.      The Court shall continue to require a *joint* case management conference statement for future case management conferences.  This means a joint submission from all parties, *i.e.*, Ms. Koga-Smith, MetLife, and Ms. Carter.  However, the Court notes that, per its standing order, there can be an exception where a pro se litigant, such as Ms. Carter, is involved.  "In cases involving pro se litigants, parties shall attempt to file a joint statement; if after *due diligence*, an agreement cannot be reached, the parties may file separate case management statements, with each statement not to exceed seven (7) pages."  Civil Standing Order ¶ 6.  The Court emphasizes that there must be true due diligence.

5.      As to Ms. Carter's motion for "injunctive relief," if Ms. Koga-Smith initiates another lawsuit concerning the funds at issue, then she shall file a notice with this Court, and serve a copy of that notice on all parties, stating that such a lawsuit has been filed and identifying that lawsuit by case name, number, and court.

This order disposes of Docket Nos. 34 and 37.


IT IS SO ORDERED.


Dated:  February 12, 2013

_____
EDWARD M. CHEN
United States District Judge