**United States District Court**
For the Northern District of California

1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                        NORTHERN DISTRICT OF CALIFORNIA

7

8    NAOMI KOGA-SMITH,                          No. C-12-4050 EMC

9              Plaintiff,

10        v.                                    **ORDER RE DEFENDANT'S MOTION
                                                FOR PRELIMINARY INJUNCTION**
11   METLIFE, *et al.*,
                                                **(Docket No. 39)**
12             Defendants.
     _____/

13

14        Currently pending before the Court is a motion filed by Defendant Lisa K. Carter which she

15   has characterized as a motion for a preliminary injunction.  In the motion, Ms. Carter asks for the

16   following relief: (1) an order barring Defendant MetLife from making any distribution of the funds

17   absent approval of the Court; (2) an order permitting her to file crossclaims and counterclaims; and

18   (3) an order enjoining Plaintiff Naomi Koga-Smith from voluntarily dismissing this suit pending the

19   filing by Ms. Carter of her crossclaims and counterclaims.  Having considered the papers submitted,

20   the Court finds this matter suitable for disposition without oral argument and hereby rules as

21   follows.

22   A.   <u>Distribution of Funds</u>

23        MetLife has, in its response, indicated it will not distribute the funds to either party without a

24   ruling from the Court.  The motion for summary judgment is pending.  Thus, Ms. Carter's request is

25   moot.

26   ///

27   ///

28   ///

**United States District Court**

For the Northern District of California

B.      Crossclaims and Counterclaims

To the extent Ms. Carter asks for leave to file crossclaims and counterclaims, the Court denies the request but without prejudice.

As a preliminary matter, the Court notes that a crossclaim or counterclaim is not an independent pleading but rather is part of the answer.  *See* Fed. R. Civ. P. 7 (enumerating pleadings allowed, none of which is specifically identified as a crossclaim or counterclaim).  In the instant case, Ms. Carter -- proceeding pro se -- never formally filed an answer.  However, the Court now deems her case management conference statement of January 25, 2013, to be her answer (as well as her motion for summary judgment).  Under Federal Rule of Civil Procedure 15, Ms. Carter could have amended her answer to add crossclaims and counterclaims *without* seeking leave of the Court if the amendment were made within 21 days after service of the answer.  *See* Fed. R. Civ. P. 15(a)(1)(A) (discussing amendments as a matter of course).  Because Ms. Carter did not amend within this 21 day period, she may now amend only with leave of the Court.  Under Rule 15, a "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In general, "[f]ive factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Construing Ms. Carter's request as a motion for leave to amend, the Court denies the request without prejudice because, in order for the Court to evaluate, in particular, futility of the amendment, it must know *exactly* what crossclaims and counterclaims Ms. Carter wishes to add.  While Ms. Carter has given a sense of what claims she would like to add, she has also stated that she "has not fully decided what cross- or counterclaims to file, and may retain counsel to handle those claims."  Docket No. 39 (Mot. at 2).

Accordingly, at this juncture, the Court denies Ms. Carter's motion for leave to amend but without prejudice.  If and when Ms. Carter decides what crossclaims and counterclaims she would like to add, then she should file a motion for leave to amend pursuant to Rule 15 and include, as an attachment to the motion, a copy of the proposed amended answer containing the crossclaims and

**United States District Court**
For the Northern District of California

1   counterclaims.  The Court shall evaluate the proposed amendment based on the factors enumerated

2   above.

3   C.      Voluntary Dismissal

4           Finally, Ms. Carter seeks an order enjoining Ms. Koga-Smith from voluntarily dismissing

5   this suit pending the filing by Ms. Carter of her crossclaims and counterclaims.  The Court shall not

6   order this relief particularly because, at this juncture, it is not clear when Ms. Carter will be filing a

7   motion for leave to amend to add crossclaims and counterclaims.  The Court also notes that this

8   ruling should not prejudice Ms. Carter because, under Federal Rule of Civil Procedure 41, Ms.

9   Koga-Smith may not voluntarily dismiss her lawsuit without an order from the Court or without the

10  consent of all parties.  *See* Fed. R. Civ. P. 41(a)(1)(A) (providing that a plaintiff may voluntarily

11  dismiss without a court order where the dismissal takes place "before the opposing party serves

12  either an answer or a motion for summary judgment" or where all parties stipulate to dismissal).

13          This order disposes of Docket No. 39.

14

15          IT IS SO ORDERED.

16

17  Dated:  March 8, 2013

18

19                                                      _____
                                                        EDWARD M. CHEN
20                                                      United States District Judge

21

22

23

24

25

26

27

28