UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI KOGA-SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>METLIFE, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-12-4050 EMC<br><br><br>**ORDER DENYING DEFENDANT CARTER'S MOTION FOR SHOW CAUSE HEARING**<br><br>**(Docket No. 59)** |

　　　　Previously, the Court granted Defendant Lisa K. Carter's motion for summary judgment, which Defendant MetLife supported. In its order, the Court instructed MetLife to disburse 50% of the insurance proceeds to Ms. Cater and 50% of the proceeds to Plaintiff Naomi Koga-Smith. *See* Docket No. 54 (Order at 5). Ms. Carter has now filed a motion asking the Court to order MetLife to show cause as to why it should not be held in contempt of Court for failing to disburse the proceeds to her.

　　　　Ms. Carter's motion for relief is hereby **DENIED**. MetLife cannot be held in contempt of violating a Court order because the Court simply ordered MetLife to disburse the funds. It did not order MetLife to distribute the funds by a particular date or in a particular way, including the preferred means now identified by Ms. Carter. The Court, however, shall order Ms. Carter and MetLife to meet and confer **by telephone** to determine whether they can reach an agreement as to how the money should be distributed to Ms. Carter. If Ms. Carter wishes the funds to be distributed by means of a wire transfer, she should be prepared during the meet and confer to provide MetLife with the necessary information to effect the transfer. MetLife should be prepared to discuss with

Ms. Carter why a wire transfer cannot be effected or, if it is willing to do the transfer, to describe the conditions needed for the transfer to take place (*e.g.*, whether Ms. Carter needs to provide a signed statement providing the information needed for the transfer, whether Ms. Carter will be required to pay for the cost of the transfer). During the meet and confer, the parties should also discuss the issue of accrued interest.

If the parties are unable to reach an agreement, then they shall file a **joint letter** with the Court no later than March 26, 2013, describing what the remaining disputes are and how each party proposes the disbursement to be made. The Court shall then make a ruling based on the written submission.

This order disposes of Docket No. 59.

IT IS SO ORDERED.

Dated: March 19, 2013

_____
EDWARD M. CHEN
United States District Judge

2