United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI KOGA-SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>METLIFE, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-12-4050 EMC<br><br>**ORDER RE DEFENDANT CARTER'S MOTION FOR (1) TELEPHONIC APPEARANCES, (2) DECLARATORY JUDGMENTS, AND (3) SUMMARY JUDGMENT WITH PREJUDICE**<br><br>**(Docket No. 59)** |

    Previously, the Court granted Defendant Lisa K. Carter's motion for summary judgment. *See* Docket No. 54 (order). Ms. Carter has now filed a motion in which she makes multiple requests for relief. Having considered the motion, the Court hereby rules as follows.

    1.    Ms. Carter has permission to make telephonic appearances at case management and/or status conferences. The Court reserves ruling as to whether she must personally appear for other hearings and/or trial, if necessary.

    2.    Ms. Carter asks for a ruling that this Court has exclusive jurisdiction over the instant case because it is predicated on ERISA. The request for relief is denied as moot. MetLife removed the case on the basis of ERISA, and no party challenged the removal. The Court rendered a decision in favor of Ms. Carter with respect to the claims raised by Plaintiff Naomi Koga-Smith. Whether or not this Court had exclusive jurisdiction over the claims is immaterial. However, for Ms. Carter's benefit, the Court notes that, while "ERISA grants federal courts exclusive jurisdiction over most ERISA cases, including those where the plaintiff requests equitable relief to enforce provisions of

ERISA or enjoin violations of the statute, . . . state courts [have] concurrent jurisdiction over cases brought 'to recover benefits' or 'to enforce . . . or to clarify' rights under the terms of the plan itself." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1018 (9th Cir. 2010); *see also* 29 U.S.C. § 1132(e)(1) (providing that, "[e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this title brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 101(f)(1) [29 U.S.C. § 1021(f)(1)][;] [s]tate courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section").

3. To the extent Ms. Carter suggests that *she* may have a claim against MetLife and *that* claim will be governed by ERISA, the Court makes no ruling -- at least at this juncture -- as to whether it would have jurisdiction over that claim and, if so, whether that jurisdiction would be exclusive. Ms. Carter has not filed any crossclaims or counterclaims in this case, and thus any ruling by the Court would be premature.

4. Similarly, it would be premature for the Court to opine as to whether "any attempt to seek alienation of [Ms.] Carter's rights would have been prohibited" by 29 U.S.C. § 1056(d)(1). Mot. at 2.

5. It would also be premature for the Court to make any ruling as to whether MetLife violated any fiduciary duty owed to Ms. Carter.

6. To the extent Ms. Carter asks the Court to make a ruling that Ms. Koga-Smith "had no cause of action" and "the case was non-meritorious on its face," the Court declines to make any such ruling. Mot. at 3. The Court has already ruled in favor of Ms. Carter on Ms. Koga-Smith's claims for relief.

///

///

///

///

7. Finally, to the extent Ms. Carter asks for a "summary judgment ruling with prejudice," the request is denied. The extent to which this Court's ruling on the merits in this case will have any res judicata effect in a subsequent case will be for the court in the subsequent case to decide.

This order disposes of Docket No. 58.

IT IS SO ORDERED.

Dated: March 19, 2013

_____
EDWARD M. CHEN
United States District Judge