UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAOMI KOGA-SMITH,

         Plaintiff,

    v.

METLIFE, *et al.*,

         Defendants.
_____/

No. C-12-4050 EMC

**ORDER RE FINAL JUDGMENT**

    Previously, the Court issued an order granting summary judgment in favor of Ms. Carter. *See* Docket No. 54 (Order at 5). The Court, however, declined to order a final judgment at that time because Ms. Carter had suggested that she might want to file crossclaims or counterclaims. Accordingly, the Court gave Ms. Carter a specific time period within which to file any crossclaim or counterclaim. *See* Docket No. 54 (Order at 5-6).

    Ms. Carter has now submitted a declaration stating that she "has researched the law and concluded that filing . . . claims as part of this case would not be prudent." Docket No. 69 (Carter Decl. at 1). She affirmatively states that "she will not be filing crossclaims against MetLife as part of this case" and that "any claims against [Ms. Koga-Smith] are more properly pursued in a state court and not part of this case." Docket No. 69 (Carter ¶¶ 1, 2). Ms. Carter concludes by asking the Court to enter a final judgment in the case.

    Because Ms. Carter has now expressly declined to add any crossclaims or counterclaims to this case, the Court agrees that a final judgment is proper. Ms. Koga-Smith's claims have been disposed of in their entirety. **Accordingly, the Court directs the Clerk of the Court to enter a**

**final judgment in this case in accordance with its summary judgment order of March 12, 2013.** *See* **Docket No. 54 (order). The Clerk of the Court is also directed to close the file in this case.**[1]

The Court notes that, although it is directing entry of a final judgment and the closure of the file, Ms. Carter and MetLife are still expected to file a joint letter on April 10, 2013, regarding the status of the wire transfer.

IT IS SO ORDERED.

Dated: April 5, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[1] As before, Ms. Carter has asked for "a ruling with prejudice," Docket No. 69 (Carter Decl. ¶ 4), but, as the Court has previously indicated, "[t]he extent to which this Court's ruling on the merits in this case will have any res judicata effect in a subsequent case will be for the court in the subsequent case to decide." Docket No. 61 (Order at 3).